UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID WILLIAMS<br>200 Park Ave SW<br>Canton, OH 44706-1125,<br><br>on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CG-HHC, INC. d/b/a CAREGIVER, A STEP UP<br>c/o CORPORATION SERVICE COMPANY<br>3366 Riverside Drive, Ste 103<br>Upper Arlington, OH 43221-1734,<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff David Williams, by and through undersigned counsel, and for his Complaint against Defendant CG-HHC, Inc., doing business as Caregiver, A Step Up, states and alleges the following:

## INTRODUCTION

1. Plaintiff institutes this "collective action" as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Stark County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. At all times relevant herein, Defendant was a corporation organized under the laws of the State of Delaware.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant operates residential care centers for adults with intellectual and/or developmental disabilities throughout Ohio.

14. Since approximately June 2020, Defendant has employed Plaintiff as a residential manager.

15. At all times relevant herein, Defendant employed similarly-situated employees at its facilities throughout Ohio.

16. As a residential manager, Plaintiff and similarly-situated employees did not engage in "managing" other employees, did not direct any other employees' work, did not have the authority to hire, fire, or promote other employees, did not perform work directly related to Defendant's management or general business operations, did not exercise discretion or independent judgment with respect to significant matters, and did not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

17. Defendant classified Plaintiff and other similarly situated employees as exempt from the FLSA's compensation requirements.

18. Defendant paid Plaintiff and other similarly situated employees on a salary basis.

**(Failure to Pay Overtime Compensation)**

19. Plaintiff and other similarly situated employees regularly worked over 40 hours per week.

20. Plaintiff worked, on average, 48 hours each workweek.

21. Defendant paid Plaintiff and other similarly-situated employees less than one and

one-half their regular rate for each hour they worked over 40 hours per workweek.

22. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for the overtime hours he worked.

**(Willful Violation of the FLSA)**

23. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

25. The class that Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All former and current individuals employed by Defendant as residential managers, or who performed substantially similar job duties as residential managers, who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for any hours they worked over 40 in any workweek within the last three (3) years and the present.

26. Plaintiff is currently unable to state the exact size of the potential class, but upon information and belief, avers that it consists of at least one hundred persons.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

28. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated with respect to their claims for unpaid wages and damages. Plaintiff is

representative of those other employees and is acting on their behalf and his own in bringing this action.

29. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings Count Two of this action to Fed. R. Civ. P. 23(a) and (b)(3) individually and on behalf of all other members of the class ("the Ohio Class") defined as:

> All former and current individuals employed by Defendant in Ohio as residential managers, or who performed substantially similar job duties as residential managers, who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for any hours they worked over 40 in any workweek within the last three (3) years and the present.

31. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at the time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

32. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

    (a) whether Defendant failed to pay overtime compensation to its employees for hours worked in excess of 40 each workweek;

    (b) whether Defendant misclassified the employees as exempt from the FLSA; and

    (c) what amount of monetary relief will compensate Plaintiff and other

members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

33. Plaintiff's claims typical of other Ohio Class members' claims. His claims arise out of the same uniform course of Defendant's conduct, and are based on the same legal theories, as other Ohio Class members' claims.

34. Plaintiff will fairly and adequately protect the Ohio Class members' interests. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. His counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

35. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

36. A class action is superior to other available methods for fair and efficient adjudication. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 C.F.R. § 785.24.

39. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the FLSA.

40. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

### (OMFWSA Overtime Violations)

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Defendant's failure to pay Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times her regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

43. Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the OMFWSA, R.C. § 4111.08.

44. By engaging in the above-mentioned activities, Defendant willfully, knowingly, and/or recklessly violated the provisions of the OMFWSA.

45. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received overtime due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court enter judgment in their favor and:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to opt in to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid overtime compensation and minimum wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid overtime wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff and the class under the OMFWSA;

F. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

G. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

H. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

        Respectfully submitted,

        /s/ Alanna Klein Fischer
        Alanna Klein Fischer (Ohio 0090986)
        Anthony J. Lazzaro (Ohio 0077962)
        Lori M. Griffin (Ohio 0085241)
        Matthew S. Grimsley (Ohio 0092942)

        The Lazzaro Law Firm, LLC
        The Heritage Bldg., Suite 250
        34555 Chagrin Boulevard
        Moreland Hills, Ohio 44022
        Phone: 216-696-5000
        Facsimile: 216-696-7005
        anthony@lazzarolawfirm.com
        lori@lazzarolawfirm.com
        alanna@lazzarolawfirm.com
        matthew@lazzarolawfirm.com

        Plaintiff's Attorneys

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

        s/ Alanna Klein Fischer
        One of Plaintiff's Attorneys