UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID WILLIAMS, *on behalf of himself and all others similarly situated*, | ) ) ) ) | CASE NO. 5:22-cv-1003 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| v. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| CG-HHC, INC. d/b/a CAREGIVER, A STEP UP, | ) ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the parties' joint motion for approval of settlement and dismissal of the case (Doc. No. 32 (Motion)), supported by the declaration of plaintiffs' counsel Alanna Klein Fischer (Doc. No. 32-3 (Fischer Declaration)). Because the Court finds that the settlement represents a fair resolution of plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the joint motion is granted, the settlement is approved, and the case is dismissed with prejudice.

I. BACKGROUND

On June 9, 2022, plaintiff David Williams ("Williams") filed this action, alleging that defendant CG-HHC, Inc. d/b/a Caregiver, a Step Up ("CG-HHC") violated the FLSA and Ohio Minimum Fair Wage Standards Act by failing to pay him and others similarly situated[1] for all the overtime compensation to which they were entitled. (Doc. No. 1 (Complaint) ¶ 1.) Forty-four

---

[1] Williams brought a collective action under the FLSA and a class action under Fed. R. Civ. P. 23. (*See generally* Doc. No. 1 (Complaint).) The settlement applies solely to Williams and the thirty opt-in plaintiffs (collectively, "plaintiffs"). (*See* Doc. No. 32, at 3 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.).) Because the settlement only applies to opt-in

people, in addition to Williams, opted into the case. (Doc. No. 32, at 3.) Fourteen of them have since withdrawn their consent forms. (*Id.*) CG-HHC denied all allegations of wrongdoing. (*Id.* at 1.)

On October 14, 2022, the parties filed a joint proposed stipulation to class certification and notice, which the Court approved on October 17, 2022. (Doc. Nos. 13 and 14.) From April 2023 to February 2024, the parties engaged in written discovery, exchanged information about their respective positions, and participated in settlement negotiations, which included a mediation before the magistrate judge. (Doc. No. 32, at 3–4.) On February 9, 2024, the parties reached a settlement agreement (*id.* at 3), and on March 19, 2024, they filed the instant motion for approval of the settlement agreement.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores,*

---

plaintiffs, there is no need for a fairness hearing. *See Moore v. Ackerman Inv. Co.*, No. 07-3058, 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Servs., Inc.*, No. 607-cv-1680-Orl-28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same).

*Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 216(b) of the FLSA. *Id.*

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and, the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution

by the Court and/or a jury. The parties' motion confirms the same. (Doc. No. 32, at 1 and 8.) In particular, the parties disagreed about whether CG-HHC failed to pay its hourly, non-exempt employees all of the overtime to which they were entitled. (*Id.*)

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to the bona fide dispute. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. While the Court is not in a position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

As the parties have indicated, the case was complex, and proceeding further would be costly and time-consuming. (Doc. No. 32, at 6–8.) As it is, before reaching a settlement, the parties litigated this matter for almost ten months. (*Id.* at 3.) Given the uncertainty and risks surrounding summary judgment and a possible trial, the certainty and finality that comes with settlement also weighs in favor of a ruling approving the agreement. Likewise, such a ruling promotes the public's interest in encouraging settlement of litigation. *See Crawford*, 2008 WL 4724499, at *9.

With respect to the monetary awards, the settlement provides that the money paid to the plaintiffs will be divided into individual payments, which will be calculated proportionally as 100% on each plaintiff's alleged overtime damages during the calculation period and 100% of each plaintiff's liquidated damages. (Doc. No. 32, at 5.) These payouts will be made in accordance with Appendix 1 to the Settlement Agreement. (*Id.*; *see* Doc. No. 32-2.)

The Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement fairly accounts for the compensation alleged to be owed to the plaintiffs. (*See* Doc. No. 32-3 ¶ 36.) The Court agrees with counsel that this is an

excellent result, especially given that the award to each opt-in participant represents 100% of their claimed damages. (Doc. No. 32, at 5.)

Additionally, the Court finds that the award of attorney's fees to plaintiffs' counsel, which is supported by the Fischer Declaration, is reasonable, taking into consideration the course of the proceedings and the successful outcome providing substantial relief to Williams and other plaintiffs. There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). Looking first to the lodestar method, three attorneys represented plaintiffs. (Doc. No. 32-3 ¶ 52.) Attorney Anthony J. Lazzaro spent 10 hours on this case with an hourly rate of $600. (*Id.*) Attorney Lori M. Griffin spent 18 hours on this case with an hourly rate of $500. (*Id.*) Attorney Alanna Klein Fischer spent 53.8 hours on this case, and she anticipates spending an additional 15 to 20 after filing the proposed Settlement, at an hourly rate of $475. (*Id.* ¶¶ 52–53.)[2] The Court finds the hourly rates charged are reasonable. *See McKnight v. Erico Int'l Corp.*, No. 1:21-cv-1826, 2023 WL 2003276, at *13–14 (N.D. Ohio Feb. 8, 2023) (finding hourly rates of $500, $425, and $400 to be reasonable); *Arp v. Hohla & Wyss Enters., LLC*, No. 3:18-CV-119, 2020 WL 6498956, at *7 (S.D. Ohio Nov. 5, 2020) (approving hourly rates upwards of $600 and $550 per hour in wage and hour matters); *Smith v. Loc. Cantina, LLC*, No. 2:20-CV-03064, 2022 WL 1183325, at *5 (S.D. Ohio Apr. 19, 2022) (same).

The Court also finds the number of hours expended reasonable, given the extensive discovery conducted by counsel and the formal and informal settlement negotiations conducted over a period of several months before a resolution was reached. Moreover, at a combined fee lodestar of $47,680.00, the Settlement's attorney's fee award of $40,000.00 results in a "negative

---

[2] For purposes of the lodestar calculation, the Court will assume that Attorney Fischer spent a total of 68.8 hours on this case.

5

multiplier" of 0.839. (Doc. No. 32-3 ¶ 45.) Such a negative multiplier supports the reasonableness of the fees. *See, e.g.*, *Macaluso v. Zirtual Startups, LLC*, No. 2:19-cv-3616, 2021 WL 3639665 (S.D. Ohio Aug. 17, 2021).

Furthermore, the percentage-of-the-fund method yields an award of slightly greater than 50% of the total monetary award. (*See* Doc. No. 32, at 5–6.) This Court recently found a similar percentage to be reasonable. *See White v. Stark Cnty. Veterans' Serv. Comm'n*, No. 5:22-cv-1493, 2023 WL 7130799, at *3 n.2 (N.D. Ohio Oct. 30, 2023); *see also Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *9–10 (S.D. Ohio May 30, 2012) (finding a fee award in excess of 50% of the total recovery to be reasonable based on the heavily contested nature of the litigation, exceptional recovery for the plaintiffs, and a significant reduction in attorney's fees compared to the lodestar calculation).[3] In this case, like in *Kritzer*, 2012 WL 1945144, at *9–10, there is exceptional recovery for the plaintiffs and a negative fee lodestar, which indicates that an award slightly over 50% of the settlement amount is appropriate.

---

[3] The Settlement Agreement also provides for plaintiff's counsel to receive $1,646.45 in expenses. (Doc. No. 32, at 6.) Plaintiffs' counsel certifies that all of these expenses were "incurred prior to the Settlement in prosecuting [plaintiffs'] claims." (Doc. No. 32-3 ¶ 46.) Given this information, the Court finds that these expenses are reasonable.

## IV. CONCLUSION

For the foregoing reasons, the Court approves the parties' joint motion for approval of settlement. (Doc. No. 32.) The claims in plaintiffs' complaint are dismissed with prejudice, and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.

Dated: April 8, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**